IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES MCCOY a/k/a/ CHUCK MCCOY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF PENNSYLVANIA , )<br>)<br>Respondent. ) | Civil Action No. 04-1638<br><br>Judge Joy Flowers Conti<br>Magistrate Judge Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Charles McCoy, a prisoner formerly incarcerated at the Allegheny County Jail (ACJ) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 wherein he complains that he is being unlawfully held in custody in violation of the Pennsylvania Rules of Criminal Procedure as well as the United States Constitution.  For the reasons that follow, Petitioner has failed to state a claim upon which this court can grant habeas corpus relief under 28 U.S.C. § 2241.

A. Relevant Procedural History

Petitioner was convicted of Lewd and Lascivious Conduct in the State of Florida and was placed in probation, effective May 25, 2001.  Pursuant to the Interstate Compact for Adult Offender Supervision Act, Petitioner was transferred to the Commonwealth of Pennsylvania to

serve his probation sentence. Sometime thereafter, Petitioner violated the terms of his probation and a warrant was issued for Petitioner's detainment on July 19, 2004. Petitioner was detained and placed in the ACJ on July 20, 2004 pursuant to the detainer. A preliminary hearing was held on July 22, 2004. On October 7, 2004, 72 days after he first was detained, Petitioner was released to the State of Florida to serve the remainder of his sentence. On October 26, 2004, Petitioner filed a petition for writ of habeas corpus alleging due process violations and violations of the Pennsylvania extradition and detainer law, 42 Pa. Cons. Stat. §§ 9101 and 9131.

### B. Claims Cognizable in Federal Habeas Corpus Proceedings

Petitioner's claims challenges the legality of his detention in Pennsylvania. Petitioner is not entitled to habeas corpus relief with respect to this claim as he has failed to allege the denial of any federal constitutional right. In this regard, a state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the Constitution or federal law. Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), *cert. denied*, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991). Violations of state law or procedural rules alone are not a sufficient basis for providing federal habeas corpus relief. Engle v. Isaac, 456 U.S. 107, 119 (1982) . Thus, a writ of habeas corpus is not available when a state prisoner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in the state courts.

Here, the Petitioner does not challenge the legality of the State of Florida to have issued the detainer seeking his return to Florida to serve the remainder of his sentence. Rather, he takes

issue with the Commonwealth's alleged failure to comply with 42 Pa. Cons. Stat. § 9131, which provides as follows.

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this Commonwealth who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has the right to demand and procure legal counsel, and, if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof and of the time and place of hearing thereon shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding state.

42 Pa. Cons. Stat. § 9131.

First, it does no even appear that section 9131 is relevant to Petitioner's action as he was detained pursuant to a probation violation, not a new arrest. Instead, Petitioner's claims are controlled by the Interstate Compact for the Supervision of Adult Offenders Act, which provides for the "controlled movement of adult parolees and probationers across state lines." *See* 61 P.S. § 324. This Act specifically provides that: "The compacting states recognize that there is no "right" of any offender to live in another state and that duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any offender under supervision subject to the provisions of this compact and Bylaws and Rules promulgated hereunder." 61 P.S. § 324.1, Article I. Moreover, Petitioner's claims allege only errors of state law and, therefore, are not cognizable in a habeas corpus proceeding. Consequently, Petitioner has failed to show that he is entitled to habeas corpus relief with respect to his claim of illegal detention in Pennsylvania.

### C. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 included several major reforms to the federal habeas corpus laws. Section 102 of the Act (28 U.S.C. § 2253(c) (as amended)) codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, Petitioner has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

  s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: March 7, 2006

cc: The Honorable Joy Flowers Conti
United States District Judge

Charles McCoy
X29094
Mayo Correctional Institution
8784 US Highway, 27 West
Mayo, FL 32066

Rusheen R. Pettit
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219